RL:WMN
F#2005R00564

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

           Plaintiff,

  - against -

ADRIANA IMELDA ALONSO VEGA,

           Defendant.

- - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 22 2005 ★

P.M.
TIME A.M.

ORDER OF FORFEITURE

05-CR-0267

(Trager, J.)
(Matsumoto, M.J.)

      WHEREAS, in the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain funds of the Defendant ADRIANA IMELDA ALONSO VEGA (the "Defendant"), pursuant to 31 U.S.C. § 5332(b), as property involved in a violation of 31 U.S.C. § 5332, or property traceable thereto, and/or as substitute property; and

      WHEREAS, on April 19, 2005, Defendant pled guilty to Count One of the Indictment charging a violation of 31 U.S.C. § 5332 and agreed to the entry of an order forfeiting one hundred twenty-eight thousand, eight hundred and fourteen dollars and no cents ($128,814.00) to the United States pursuant to 31 U.S.C. § 5332(b); and

      WHEREAS, on July 18, 2005, United States District Judge David G. Trager accepted the Defendant's guilty plea; wherein the Defendant agreed to, <u>inter alia</u>, forfeit to the United States all

of her right, title and interest in the United States currency seized by law enforcement officers on or about March 21, 2005, which totals approximately $128,814.00, more or less; and

WHEREAS, by judgment entered on or about July 18, 2005, forfeiture of the sum of $128,814.00 was made part of the Defendant's sentence and included in the judgment of conviction; and

WHEREAS, by virtue of the Defendant having pled guilty to Count One of the Indictment and judgment therein having been entered by this Court, the United States is now entitled to an order forfeiting to it the sum of one hundred twenty-eight thousand, eight hundred and fourteen dollars and no cents ($128,814.00) pursuant to 31 U.S.C. § 5332(b) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The Defendant ADRIANA IMELDA ALONSO VEGA consents to forfeit all of her right, title and interest in the United States currency seized by law enforcement officers on or about March 21, 2005, in the total amount of one hundred twenty-eight thousand, eight hundred and fourteen dollars and no cents ($128,814.00), more or less (the "Forfeited Funds"), pursuant to 31 U.S.C. § 5332(b), as property which is involved in an offense in violation of 31 U.S.C. § 5332, or is traceable to such

offense, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2. The Defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Forfeited Funds in any administrative or judicial proceeding, waives her right to any required notice concerning the forfeiture, waives her right, if any, to trial by jury of the forfeiture allegation, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defense based on double jeopardy, *ex post facto* application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eight Amendment.

3. Upon entry of this Order, the United States Attorney General or designee is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including to the extent practicable providing direct written notice of this Order to any person known to have alleged an interest in the Forfeited Funds.

4. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the Defendant, asserting a legal interest in the forfeited property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

6. The United States shall have clear title to the forfeited monies and properties identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant and shall be made part of the sentence and included in the judgment of conviction.

8. This Order shall be final and binding against the defendant only upon the Court's "so ordering" of the order.

9. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Walter M.

Norkin, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      July 18, 2005

                                            s/David G. Trager
                                      THE HONORABLE DAVID G. TRAGER
                                      UNITED STATES DISTRICT JUDGE